UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION
_____

Ratner Steel Supply Co.,

       Plaintiff,

vs.

Running Cool Express LLC and
Jennifer Newsum,

       Defendants.

Case No.: 16-cv-409

Judge: _____
Magistrate Judge: _____

_____

## COMPLAINT
_____

Plaintiff Ratner Steel Supply Co. ("Ratner") for its Complaint against Defendants Running Cool Express LLC ("Running Cool") and Jennifer Newsum ("Newsum") (Running Cool and Newsum are collectively referred to herein as "Defendants"), alleges as follows:

### PARTIES

1. Ratner is a Minnesota corporation with its registered office and primary place of business located in Roseville, Ramsey County, Minnesota. Ratner is in the business of buying and selling wholesale steel products.

2. Running Cool is an Indiana limited liability company with its registered office and primary place of business located in Fremont, Steuben County, Indiana.

1

Running Cool is a shipping company that provides over-the-road transportation services to companies in, among other places, the State of Indiana.

3. Newsum is an individual residing in Valparaiso, Porter County, Indiana. Newsum was, at all times relevant to this action, an employee of Running Cool acting in the course and scope of her employment, making Running Cool vicariously liable for her actions. In the alternative, Newsum was an independent contractor for Running Cool, and Running Cool was negligent in its supervision of Newsum, making it vicariously liable for her actions.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000 and is between citizens of different states.

5. This Court has personal jurisdiction over the parties hereto because the facts giving rise to Plaintiff's claims occurred in Indiana, Defendants reside in Indiana, and Defendants regularly conduct business in Indiana.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district, and a substantial part of the events or omissions giving right to the claims occurred in this judicial district.

## FACTS

7. In or around September 2015, Running Cool began providing transportation services for Ratner at Ratner's request. The two companies formed a legally binding

contract, under which Ratner would, when shipping was needed, notify Running Cool of where the shipment needed to be picked up, and its destination. Running Cool would transport the shipment as requested, and Ratner would pay Running Cool for its transportation services.

8. All of the shipments handled by Running Cool on Ratner's behalf involved transporting steel products from non-party Steel Dynamics, Inc., a manufacturer of carbon steel products located in Butler, Indiana to Ratner's facility in Portage, Indiana.

9. For each shipment, Running Cool would submit an invoice to Ratner, coupled with a bill of lading reflecting the steel shipped from Steel Dynamics to Ratner. Ratner would then pay the invoice.

10. Newsum was Ratner's point of contact at Running Cool.

11. Unbeknowst to Ratner, in approximately October 2015, Newsum, on behalf of Running Cool, began submitting invoices (the "Fraudulent Invoices") to Ratner for payment on shipments that never actually occurred. In each instance, Newsum and Running Cool sent the Fraudulent Invoices knowing that they were entirely false, and with the intention that Ratner would rely on the accuracy of the Fraudulent Invoices and tender payment to Running Cool.

12. In order to make the Fraudulent Invoices appear authentic, Newsum and Running Cool, modified an existing, genuine bill of lading between Steel Dynamics and Ratner, and attached a falsified bill of lading to each of the Fraudulent Invoices.

13. The Fraudulent Invoices sent by Newsum and Running Cool to Ratner

include the following:

| Running Cool Invoice Number | Running Cool Invoice Amount | Ratner Payment Date |
|---|---|---|
| 10902 | $808.92 | August 11, 2016 |
| 10903 | $822.05 | August 11, 2016 |
| 10907 | $830.15 | August 11, 2016 |
| 10908 | $796.85 | August 11, 2016 |
| 10804 | $803.06 | August 1, 2016 |
| 10904 | $807.03 | August 1, 2016 |
| 10905 | $785.52 | August 1, 2016 |
| 10906 | $842.75 | August 1, 2016 |
| 10437 | $804.05 | July 21, 2016 |
| 10735 | $796.76 | July 21, 2016 |
| 10800 | $797.03 | July 21, 2016 |
| 10801 | $812.35 | July 21, 2016 |
| 10802 | $785.51 | July 21, 2016 |
| 10803 | $778.95 | July 21, 2016 |
| 10731 | $808.65 | July 11, 2016 |
| 10732 | $822.05 | July 11, 2016 |
| 10733 | $781.01 | July 11, 2016 |
| 10734 | $821.96 | July 11, 2016 |
| 10573 | $808.01 | June 30, 2016 |
| 10574 | $795.32 | June 30, 2016 |
| 10575 | $798.30 | June 30, 2016 |
| 10576 | $806.03 | June 30, 2016 |
| 10611 | $808.45 | June 30, 2016 |
| 10612 | $792.90 | June 30, 2016 |
| 10613 | $803.33 | June 30, 2016 |
| 10614 | $789.20 | June 30, 2016 |
| 10615 | $803.15 | June 30, 2016 |
| 10530 | $743.75 | June 21, 2016 |
| 10531 | $787.85 | June 21, 2016 |
| 10532 | $773.81 | June 21, 2016 |
| 10407 | $789.11 | June 7, 2016 |

| 10408 | $808.91 | June 7, 2016 |
| 10410 | $804.05 | June 7, 2016 |
| 10481 | $769.50 | June 7, 2016 |
| 10482 | $790.50 | June 7, 2016 |
| 10483 | $749.15 | June 7, 2016 |
| 10484 | $781.10 | June 7, 2016 |
| 10372 | $784.88 | May 27, 2016 |
| 10373 | $796.15 | May 27, 2016 |
| 10374 | $791.81 | May 27, 2016 |
| 10375 | $776.06 | May 27, 2016 |
| 10067 | $807.83 | May 12, 2016 |
| 10068A | $787.85 | May 12, 2016 |
| 10069A | $794.70 | May 12, 2016 |
| 10070A | $806.75 | May 12, 2016 |
| 10071A | $797.12 | May 12, 2016 |
| 10179 | $774.00 | May 12, 2016 |
| 10209 | $820.70 | May 12, 2016 |
| 10210 | $796.20 | May 12, 2016 |
| 10211 | $805.85 | May 12, 2016 |
| 10212 | $825.07 | May 12, 2016 |
| 10213 | $791.81 | May 12, 2016 |
| 10296 | $785.15 | May 12, 2016 |
| 10297 | $806.40 | May 12, 2016 |
| 10298 | $680.40 | May 12, 2016 |
| 10299 | $432.45 | May 12, 2016 |
| 10148 | $832.05 | April 22, 2016 |
| 10149 | $825.87 | April 22, 2016 |
| 10150 | $832.50 | April 22, 2016 |
| 10151 | $825.08 | April 22, 2016 |
| 10024 | $785.25 | April 8, 2016 |
| 10026 | $795.60 | April 8, 2016 |
| 10027 | $781.01 | April 8, 2016 |
| 10028 | $803.25 | April 8, 2016 |
| 9884 | $759.52 | April 8, 2016 |
| 9885 | $804.15 | April 8, 2016 |
| 9886 | $770.40 | March 22, 2016 |
| 9934 | $797.75 | March 22, 2016 |
| 9935 | $797.97 | March 22, 2016 |

| | | |
|---|---|---|
| 9936 | $797.21 | March 22, 2016 |
| 9795 | $780.81 | March 10, 2016 |
| 9796 | $793.04 | March 10, 2016 |
| 9797 | $833.00 | March 10, 2016 |
| 9798 | $511.10 | March 10, 2016 |
| 9842 | $745.73 | March 10, 2016 |
| 9843 | $773.10 | March 10, 2016 |
| 9844 | $831.60 | March 10, 2016 |
| 9590 | $743.22 | February 2, 2016 |
| 9591 | $777.44 | February 2, 2016 |
| 9592 | $801.98 | February 2, 2016 |
| 9487 | $839.04 | January 20, 2016 |
| 9488 | $838.18 | January 20, 2016 |
| 9709 | $792.96 | January 20, 2016 |
| 9710 | $781.60 | January 20, 2016 |
| 9711 | $741.56 | January 20, 2016 |
| 9652 | $808.92 | February 1, 2016 |
| 9653 | $840.33 | February 1, 2016 |
| 9381 | $422.32 | February 1, 2016 |
| 9382 | $432.45 | February 1, 2016 |
| 9383 | $433.96 | February 1, 2016 |
| 9384 | $429.08 | February 1, 2016 |
| 9385 | $430.16 | February 1, 2016 |
| 9114 | $808.92 | November 16, 2015 |
| 9115 | $787.49 | November 16, 2015 |
| 9014 | $808.41 | November 16, 2015 |
| 9015 | $822.64 | November 16, 2015 |
| 9016 | $779.30 | November 16, 2015 |
| 9017 | $761.90 | November 16, 2015 |
| 9018 | $810.64 | November 16, 2015 |
| **TOTAL:** | **$76,336.74** | |

14. Ratner, relying on Defendants' misrepresentations that the Fraudulent Invoices were authentic, paid the Fraudulent Invoices in the total amount of $76,336.74.

15. In approximately June 2016, Ratner experienced problems when Running

Cool failed to pick up some shipments from Steel Dynamics as requested by Ratner. As a result of these problems, Ratner stopped using Running Cool for transportation.

16. In or around August 2016, Ratner uncovered the Defendants' pattern of fraud, and realized for the first time that it had paid $76,336.74 in satisfaction of the Fraudulent Invoices.

17. On or about September 1, 2016, Ratner's President and Chief Financial Officer, Steve Gottlieb ("Gottlieb") called Running Cool about the Invoices. Gottlieb spoke to Running Cool's operations director, non-party Brian Smith ("Smith").

18. Without prompting by Gottlieb, Smith volunteered he was already aware that Ratner had been billed for services that Running Cool had not actually performed, and that Running Cool had received payments pursuant to the Fraudulent Invoices. Smith told Gottlieb that Newsum was responsible for generating the Fraudulent Invoices.

19. Smith committed to Gottlieb that Running Cool would repay Ratner for all amounts that were billed pursuant to the Fraudulent Invoices.

20. Despite Running Cool's admission that it was responsible for the Invoices, and its assurances that it would repay Ratner for the false charges, neither Running Cool nor Newsum has ever repaid Ratner for any portion of the $76,336.74 Ratner paid Running Cool in response to the Fraudulent Invoices.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
### (RUNNING COOL)

21.     Ratner incorporates by reference hereto all allegations made in all preceding paragraphs of this Complaint as if fully set forth herein.

22.     Ratner and Running Cool formed a legally binding contract (the "Contract").

23.     Ratner provided consideration for the Contract by providing shipping work to Running Cool, and by making payments to Running Cool for shipping services provided by Running Cool.

24.     Ratner has fulfilled all of its agreed-upon obligations in consideration of the Contract.

25.     Running Cool breached the Contract by tendering numerous Fraudulent Invoices for payment by Ratner for shipping services that Running Cool never actually provided.  These breaches were willful and not the result of mistake or inadvertence.

26.     As a direct and proximate result of Running Cool's breaches of the Contract, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

### COUNT II
### PROMISSORY ESTOPPEL
### (RUNNING COOL)

27.     Ratner incorporates by reference hereto all allegations made in all

8

proceeding paragraphs of this Complaint as if fully set forth herein.

28. Running Cool promised Ratner that it would provide requested shipping services, and accurately account for its services provided by sending accurate invoices to Ratner. Running Cool made this promise with the reasonable expectation that it would induce Ratner to provide shipping business to Running Cool, and pay Running Cool's invoices.

29. Ratner reasonably relied, to its detriment, on the promises made by Running Cool.

30. Injustice can be avoided only through the enforcement of the promises made by Running Cool.

31. Through its reasonable reliance on the binding promises of Running Cool, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

## COUNT III
### FRAUD
### (ALL DEFENDANTS)

32. Ratner incorporates by reference hereto all allegations made in all preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendants made material misrepresentations by submitting the Fraudulent Invoices to Ratner, requesting payment for shipments that never actually occurred.

34. The material representations related to past or existing facts.

35. The material representations were false or untrue.

36. The material representations were made with knowledge of or in reckless

ignorance of their falsity.

37. The material misrepresentations were made with the intent to deceive Ratner, and induce Ratner to pay the Invoices.

38. The material misrepresentations were rightfully relied upon by Ratner.

39. Ratner's rightful reliance on the material misrepresentations proximately caused injury or damage to Ratner.

40. As a result of this fraud by the Defendants, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
## (ALL DEFENDANTS)

41. Ratner incorporates by reference hereto all allegations made in all preceding paragraphs of this Complaint as if fully set forth herein.

42. Defendants communicated false information for the guidance of Ratner in the course of their business, profession, employment, or transaction in which they have a pecuniary interest, by submitting false invoices to Ratner for payment on shipments that never occurred.

43. Defendants failed to exercise reasonable care or competence in obtaining or communicating the information.

44. Ratner was justified in relying on the information.

45. Ratner's justified reliance on the information caused Ratner to be harmed, suffer losses, and incur damages.

46. As a result of the negligent misrepresentations by Defendants, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

## COUNT V
## CONVERSION (IND. CODE. ANN. § 35-43-4-3)
## (ALL DEFENDANTS)

47. Ratner incorporates by reference hereto all allegations made in all preceding paragraphs of this Complaint as if fully set forth herein.

48. The above-described actions and omissions committed by Defendants constitute the knowing or intentional exertion of unauthorized control over the property of Ratner, and an appropriation of the personal property of Ratner to Defendants' own use and benefit in exclusion and defiance of Ratner's rights.

49. As a result of this conversion of Ratner's property by Defendants, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

## COUNT VI
## DECEPTION (IND. CODE. ANN. § 35-43-5-3)
## (ALL DEFENDANTS)

50. Ratner incorporates by reference hereto all allegations made in all preceding paragraphs of this Complaint as if fully set forth herein.

51. The above-described actions and omissions committed by the Defendants constitute the knowing or intentional making or a false or misleading statement with intent to obtain property.

52. As a result of this deception by Defendants, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

## COUNT VII
## UNJUST ENRICHMENT
## (ALL DEFENDANTS)

53. Ratner incorporates by reference hereto all allegations made in all preceding paragraphs of this Complaint as if fully set forth herein.

54. As a result of the above-described actions and omissions committed by Defendants, a measurable benefit has been conferred on Defendants under such circumstances that the Defendants' retention of such benefit without payment would be unjust.

55. As a result of this unjust enrichment, Ratner has been damaged in an amount to be determined at trial, in excess of $75,000.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims and issues for which it has a right to trial by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grants it the following relief:

a. monetary damages, including but not limited to compensatory damages, consequential damages, and liquidated damages;

b. pre-judgment interest;

c. attorneys' fees, costs, and disbursements;

d. all exemplary and other damages available under Ind. Code Ann. § 34-24-3-1 and all other damages available by statute and/or at common law; and

e. any other equitable relief the Court considers just and reasonable.

Dated:  December 2, 2016         PARKER ROSEN, LLC

By:   s/Anthony G. Edwards
Anthony G. Edwards     MN Reg. No. 342555
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
Telephone:  (612) 767-3000
Facsimile:   (612) 767-3001
edwards@parkerrosen.com

*Attorneys for Plaintiff Ratner Steel Supply Co.*

13