# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RATNER STEEL SUPPLY CO., | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO: 1:16-cv-00409-RL-SLC |
| | ) |
| RUNNING COOL EXPRESS LLC, *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

## OPINION AND ORDER

On December 2, 2016, Plaintiff Ratner Steel Supply Co. filed a complaint against Defendants Running Cool Express LLC and Jennifer Newsum, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint alleges that Plaintiff Ratner Steel Supply Co. is a Minnesota corporation with its principal place of business located in Minnesota. (DE 1 ¶ 1). The complaint further alleges that Defendant Running Cool Express LLC is an Indiana limited liability company with its "registered office and primary place of business" located in Indiana, and that Defendant Jennifer Newsum is an individual "residing" in Indiana. (DE 1 ¶¶ 2-3).

The allegations concerning Defendants' citizenship are inadequate for purposes of establishing diversity jurisdiction. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the name and citizenship of each of the members of Defendant Running Cool Express LLC to ensure that none of the members share a common citizenship with Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Such citizenship must be "traced through multiple levels" for those members of

Defendant Running Cool Express LLC who are a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Also, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."). Therefore, Plaintiff must advise the Court of the domicile of Defendant Jennifer Newsum.

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Plaintiff is ORDERED to supplement the record by filing an amended complaint that properly alleges the citizenship of each of the parties on or before December 20, 2016.

SO ORDERED.

Entered this 9th day of December 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge